IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTIN MANKER and <br> REBECCA MANKER, <br>       Plaintiffs, <br> v. <br> CITIMORTGAGE, INC., <br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:10-CV-1012-WKW [WO] <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed a Complaint (Doc. # 1, Ex. 1 ("Compl.")) against Defendant CitiMortgage, Inc., alleging breach of contract and tort claims arising out of events surrounding CitiMortgage's foreclosure on their home. CitiMortgage moved for judgment on the pleadings (Docs. # 13-14), to which Plaintiffs responded (Doc. # 19), and CitiMortgage replied (Doc. # 20). For the reasons that follow, the motion is due to be granted.

**I. JURISDICTION AND VENUE**

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1332(a) and 1441. Personal jurisdiction and venue are uncontested, and there are adequate allegations in support of both.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A judgment on the pleadings is limited to consideration of "the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).  The court must accept all facts in the complaint as true. *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001); *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996).  The court also may consider any exhibits attached to the pleadings, as well as documents referenced by the pleadings so long as they are "(1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  It is the law in this circuit that where exhibits are attached to the complaint and those "exhibits contradict the general and conclusory allegations of the pleadings, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

A judgment on the pleadings pursuant to Rule 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law[,]" *Ortega*, 85 F.3d at 1524, or when "the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a

reasonable inference that the defendant is liable for the alleged misconduct." *Jiles v. United Parcel Serv., Inc.*, 413 F. App'x 173, 174 (11th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Contrary to Plaintiffs' argument, the retired *Conley v. Gibson*, 355 U.S. 41 (1957) pleading standard is inapplicable to CitiMortgage's motion. (*Compare* Doc. # 19, at 1-3, *with Twombly*, 550 U.S. at 562-63.)

### III.  BACKGROUND

On October 14, 1999, Plaintiffs signed a mortgage note with Anchor Mortgage Services, Inc., in the amount of $74,750.00 for the purchase of a home. (Compl., Ex. B. (the "Mortgage").) The Mortgage was subsequently transferred and assigned to Principal Residential Mortgage, Inc., which was later succeeded in interest by CitiMortgage through a merger. (Compl., Ex. C. (the "Foreclosure Deed").) The assignment of the Mortgage is not challenged by Plaintiffs.

On or about February 1, 2010, Plaintiffs allege that they began negotiations with CitiMortgage to prevent foreclosure and sale of Plaintiffs' home. CitiMortgage sent Plaintiffs a letter on or about February 1, 2010, providing possible solutions to cure the delinquencies on the Mortgage.[1]  Plaintiffs then replied to CitiMortgage with

---

[1] This letter was not provided to the court, and Plaintiffs have not made any claims based on the content of this initial letter.

the "required information."[2]  (Compl. ¶ 3.)  On March 16, 2010, CitiMortgage foreclosed on the Mortgage and sold the home at public auction in Wetumpka, Alabama.  (Compl. ¶ 4; Foreclosure Deed.)  CitiMortgage was the purchaser of the home at the auction.  (Foreclosure Deed.)

On or about March 18, 2010, Plaintiffs and CitiMortgage "were negotiating regarding a [S]tipulated Special Forbearance Plan Agreement in an attempt to cure a delinquency and prevent the foreclosure and sale of the Plaintiff[s'] home." (Compl. ¶ 11.)  In fact, the loss mitigation representative of CitiMortgage forwarded a letter and proposed "Stipulated Special Forbearance Agreement" ("Forbearance Agreement") on March 18, 2010, two days *after* foreclosure had already occurred. Plaintiffs incorporated the Forbearance Agreement by reference into the Complaint.[3]

Plaintiffs allege the legal conclusion that the Forbearance Agreement was a valid contract, and that they complied with the terms of the agreement by submitting payments specified therein.  (Compl. ¶¶ 3, 6-8, 18.)  More specifically, they allege that "on or about March 18, 2010, Plaintiffs and [CitiMortgage] executed the Stipulated Special Forbearance Agreement . . . whereby the Plaintiffs agreed to make

---

[2] These allegations are not supported by documents in the record.

[3] Though Plaintiffs purported to attach the Forbearance Agreement as Exhibit A (Compl. ¶ 3), Plaintiffs failed to attach it to the Complaint.  Instead, CitiMortgage supplied the Forbearance Agreement as an attachment to their motion for judgment on the pleadings.  (Doc. # 14, Ex. A.)

payments and the Defendant[ ] agreed to stop foreclosure and the pending sale of the Plaintiff[s'] home." (Compl. ¶ 3.) However, the supporting documentation does not show that the Forbearance Agreement was executed on March 18, 2010. (Doc. # 14, Ex. A.) The Forbearance Agreement shows that Plaintiffs signed the Forbearance Agreement on March 28, 2010, ten days after the date of CitiMortgage's letter to Plaintiffs and twelve days after the foreclosure. There is no signature by a representative of CitiMortgage on the document. (Doc. # 14, Ex. A.)

Plaintiffs' counsel confirmed that the Forbearance Agreement attached by CitiMortgage is the same Forbearance Agreement Plaintiffs incorporated into their Complaint. (Doc. # 14, at 3.) Plaintiffs note that because discovery has not been completed, Plaintiffs are unaware whether CitiMortgage ever signed the Forbearance Agreement.[4] (Doc. # 19, at 3.) Plaintiffs have not provided any evidence that CitiMortgage signed the Forbearance Agreement. CitiMortgage has represented that it and its agents never signed the Forbearance Agreement. (Doc. # 14, at 3.) The Cover Letter accompanying the Forbearance Agreement was dated March 18, 2010,

---

[4] Discovery proceeded in this case from January 11, 2011, the date of the Uniform Scheduling Order (Doc. # 11) until discovery was stayed on June 10, 2011 (Doc. # 18). Discovery was stayed during the pendency of this motion for judgment on the pleadings, upon unopposed motion by CitiMortgage (Docs. # 15, 17).

5

includes a signature block for "Erica Coldiron-Wilkins, Loss Mitigation," but it too contained no signature by a representative of CitiMortgage. (Doc. # 14, Ex. A.)

The Forbearance Agreement included the following relevant terms: (1) CitiMortgage is the holder of a "certain Note and Deed of Trust/Mortgage" made and executed by Plaintiffs; (2) Plaintiffs' loan is in default and CitiMortgage has exercised "its right to institute collections (and/or foreclosure, if applicable)"; (3) Plaintiffs have requested that CitiMortgage enter into the Forbearance Agreement and CitiMortgage "wishes to assist [Plaintiffs], but does not wish to discontinue collections (and/or foreclosure if applicable), until the loan is brought current"; (4) Plaintiffs shall pay the arrears on the loan as follows: "$300.00 due 03/31/2010(Along with signed agreement)[;] $300.00 due 04/30/2010[;] $300.00 due 5/31/2010";[5] (5) CitiMortgage "is only agreeing to forbear from further collection (and/or foreclosure, if applicable), action on the condition that [Plaintiffs] make[ ] all regularly scheduled payments[ ]due under the Note and Deed of Trust/Mortgage and arrears payments under this agreement, including the down payment."; (6) "In the event [Plaintiffs] and [CitiMortgage] are unable to agree to a resolution for the

---

[5] The calculation of the sum of "Total Arrears Due: $6,363.42" in the Forbearance Agreement appears to include a sizeable mathematical error, discrepancy, or omission. However, resolution of that discrepancy is unnecessary to resolve the issues addressed in this memorandum opinion. (*See* Forbearance Agrmt. 3.)

6

remaining delinquency amount, [CitiMortgage] may proceed with collection (and/or foreclosure, if applicable) without further notice, except as required by applicable law."; and (7) "[CitiMortgage] will not discontinue the pending collection (and/or foreclosure, if applicable), until [Plaintiffs'] account is current."  (Doc. # 14, Ex. A at 3-4.)

Plaintiffs bring the following state law claims based on CitiMortgage's conduct: (1) breach of contract (Count I); (2) fraud (Count II); (3) negligence (Count III); and (4) outrageous conduct (Count IV).  Plaintiffs seek compensatory damages, punitive damages, and attorney's fees.  They also demand a jury trial.

## IV. DISCUSSION

### A.  Count I – Breach of Contract

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff['s] performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009).

CitiMortgage argues that judgment on the pleadings is appropriate because the undisputed facts from Plaintiffs' Complaint reveal that the Forbearance Agreement is unenforceable because there was not a valid contract under Alabama's Statute of Frauds.  CitiMortgage argues that agreements regarding forbearance of payment are

within the Statute of Frauds and must be in writing and subscribed to by the party against whom it will be charged in order to be enforceable. Ala. Code § 8-9-2.

The Alabama Statute of Frauds prevents enforcement of certain agreements that are not made in compliance with its requirements. It provides that:

> In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
> . . .
> (7) Every agreement or commitment to lend money, delay or forebear repayment thereof or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000.

Ala. Code § 8-9-2. Alabama law is well settled that agreements that violate the Statute of Frauds are void and unenforceable. *Southland Bank v. A & A Drywall Supply Co.,* 21 So. 3d 1196, 1203 (Ala. 2008); *Bruce v. Cole*, 854 So. 2d 47, 57 (Ala. 2003); *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F. 3d 1303, 1309-10 (11th Cir. 2007). Compliance with the signature requirement is necessary for enforcement of a contract within the Statute of Frauds. *See Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 676 n.4 (Ala. 2001) ("[t]he policy of the Statute of Frauds [is] that parties are not charged with contractual duties arising from documents they have not executed.").

CitiMortgage points to Plaintiffs' admission that the Forbearance Agreement

submitted by CitiMortgage is the same Forbearance Agreement that Plaintiffs incorporated into their Complaint. (Doc. # 14, at 3.) The Forbearance Agreement does not bear the signature of any agent of CitiMortgage. (Doc. # 14, Ex. A.) CitiMortgage represents that the Forbearance Agreement was never executed by any representative of CitiMortgage. (Doc. # 14, at 3.) Additionally, CitiMortgage has represented to the court and signed interrogatory responses denying that any version of the Forbearance Agreement was ever executed by any agent of CitiMortgage.

Plaintiffs make the bare allegation that the Forbearance Agreement was executed, but that allegation is not supported by any evidence in the record, and is contradicted by the copy of the agreement provided by CitiMortgage. (Doc. # 14, at 3.) Plaintiffs also argue that because discovery has not been completed, Plaintiffs are unaware whether CitiMortgage ever signed the Forbearance Agreement. (Doc. # 19, at 3.) However, Plaintiffs' lack of opposition (Doc. # 17) to the Motion to Stay Discovery (Doc. # 15) belies the notion that additional discovery could be expected to produce a "smoking gun" in the form of a signed contract.

The mere hope that a signed copy or some other evidence might turn up from further discovery to contradict the submitted document and representations of CitiMortgage is not sufficient to survive judgment on the pleadings. Plaintiffs have not provided any evidence to dispute the validity of the Forbearance Agreement that

9

was attached, including the condition in which it was submitted to the court, or CitiMortgage's representation that the Agreement was never executed.

Plaintiffs alternatively argue that the Forbearance Agreement should be binding because it was accompanied by a Cover Letter which detailed the terms of the Forbearance Agreement, which Plaintiffs claim constituted a contract itself. The court will assume, *arguendo*, that the Cover Letter contains terms that, if accepted, could constitute a contract. However, the Cover Letter also is not signed and thus is not binding against CitiMortgage under the Statute of Frauds.

Both the Cover Letter and Forbearance Agreement include a typed name of the loss mitigation agent, Erica Coldiron-Wilkins. However, there is a blank space between the valediction and the typed name. The inclusion of the name of the transmitting party is not enough to constitute a signature, without evidence of some mark or intent to sign the document. *See Durham v. Harbin*, 530 So. 2d 208, 211 (Ala. 1988) ("'[W]here the face of the writing itself demonstrates that some further act of signing was intended, such as the leaving of a blank space, . . . [the writing] is not binding.'"). Thus, a signature cannot be inferred from the inclusion of the agent's name.

The lack of signatures on the purported contracts is fatal to Plaintiffs' breach of contract claim. The Cover Letter and Forbearance Agreement are not subscribed

by CitiMortgage, as required by the Alabama Statute of Frauds in order to enforce the contract against them. Since there is not a valid contract between the parties, there is no claim for a breach of contract. CitiMortgage is entitled to judgment on the pleadings on Count I of the Complaint.

**B.     Count II – Fraud**

To establish a cause of action for fraud, the plaintiff must produce evidence of a present intent on the part of the defendant to deceive the plaintiff either by the misrepresentation of an existing material fact or by the suppression or active concealment of an existing material fact. *Crowder v. Memory Hill Gardens, Inc.*, 516 So. 2d 602, 604-05 (Ala. 1987). Further, the misrepresentation or suppression of the existing material fact must have led the plaintiff to act to his detriment in reasonable reliance thereon. *Id.* at 605. There are multiple reasons why Plaintiffs cannot proceed on this claim.

First, Plaintiffs could not have reasonably relied on the representations of CitiMortgage that they would forebear from foreclosing on their home when that foreclosure had happened at a public sale two days before the letter was sent to Plaintiffs. The public auction on the courthouse steps is notice to the world, as well as to Plaintiffs, of the rights and ownership of the Plaintiffs' home. "Where a party has reason to doubt the truth of the representation or is informed of the truth before

the acts, he has no right to act on the representation." *Taylor v. Moorman Mfg. Co.*, 475 So.2d 1187, 1189 (Ala. 1985).

Second, Plaintiffs cannot reasonably rely on oral or other representations made by CitiMortgage or its agents about future actions or forbearance in the negotiations over the Forbearance Agreement. That type of claim is barred as a matter of law. "The Statute of Frauds was enacted to prevent this very kind of swearing match. To allow a recovery in fraud in this case would circumvent the Statute of Frauds just as much as allowing secondary proof of the allegedly executed unrestricted guaranty." *Ex parte Bradley*, 540 So. 2d 711, 713 (Ala. 1989).

Third, neither the Cover Letter nor the Forbearance Agreement is a valid contract under the Statute of Frauds. To the extent this is a claim for fraud in the performance of the contract, that claim is defeated because the contract does not exist. Additionally, fraud claims that duplicate breach of contract claims are not actionable. *See Holman v. Childersberg Bancorporation, Inc.*, 852 So. 2d 691, 702 (Ala. 2002). Thus, CitiMortgage is entitled to judgment on the pleadings on Count II of Plaintiffs' Complaint.

C. **Count III – Negligence**

"To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or

injury." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994) (citation omitted).

Plaintiffs claim that the duty CitiMortgage owed Plaintiffs was to perform the Forbearance Agreement. However, that contract was never binding on CitiMortgage since it was never executed and cannot be the basis of any duty CitiMortgage owed to the Plaintiffs. Moreover, the claim that CitiMortgage was negligent in not performing the Forbearance Agreement is duplicative of the breach of contract claim, and fails for that reason. CitiMortgage is entitled to judgment on the pleadings on Count III of Plaintiffs' Complaint.

**D.   Count IV – Outrageous Conduct**

Finally, Plaintiffs allege that CitiMortgage "intentionally and recklessly caused Plaintiffs to suffer emotional distress by making a contract with them designed to prevent the foreclosure of their loan" after the mortgage on the home had been foreclosed. (Compl. ¶ 23.) As this claim also turns on the existence of a contractual obligation between Plaintiffs and CitiMortgage that does not exist, it cannot survive the CitiMortgage's motion. Tort claims "may not turn on a promise that is part of a contract voided by the Statute of Frauds." *Cox Nuclear Pharmacy,* 478 F. 3d at 1310. While there is an air of impropriety about negotiating to forbear on a foreclosure after it has already occurred, without a valid contract, this claim, like the others, does not give grounds for legal action. CitiMortgage is entitled to judgment on the pleadings

on Count IV of Plaintiffs' Complaint.

## V. CONCLUSION

Accordingly, it is ORDERED that CitiMortgage's Motion for Judgment on the Pleadings (Doc. # 13) is GRANTED and all Counts of the Complaint are DISMISSED with prejudice. A separate final judgment will be entered.

DONE this 23rd day of March, 2012.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE